

United States District Court
NORTHERN DISTRICT OF OKLAHOMA

**FILED**
OCT 13 2015
Phil Lombardi, Clerk
U.S. DISTRICT COURT

(1) MARIA BALE, )
)
    Plaintiff, )
)
vs. ) Case No.
)
(2) BOARD OF COUNTY COMMISSIONERS, ) **15 CV - 577 CVE - PJC**
    TULSA COUNTY, STATE OF OKLAHOMA, )
)
    Defendant. )

## NOTICE OF REMOVAL

Defendant Board of County Commissioners, Tulsa County ("BOCC"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notifies this Court that it is removing the above-captioned action currently pending in the District Court of Tulsa County, State of Oklahoma to the United States District Court for the Northern District of Oklahoma. In support of this Notice of Removal, Defendant states as follows:

1. Plaintiff filed her Petition against Defendant in the District Court for Tulsa County, Oklahoma, on September 22, 2015 (the "State Court Lawsuit"). Defendant received service of Plaintiff's Summons and Petition on or after, September 24, 2015. Thus, this Notice of Removal is filed with this Court within thirty (30) days of the receipt of Plaintiff's Complaint (or Petition) as required by 28 U.S.C. § 1446(b).

2. Defendant is filing a Status Report of Removed Action along with the filing of this Notice of Removal. It is currently expected that within seven (7) days of the filing of this Notice of Removal, Defendant will also be filing its motion requesting an additional twenty (20) days to file an answer or other responsive pleading. Pursuant to LCvR 81.2, clear and legible copies of all documents filed or served in the case are attached as follows: Plaintiff's Petition as



Exhibit "1", a copy of the Summons served upon the BOCC as Exhibit "2", and a copy of the Docket Sheet as Exhibit "3."

3. The basis for removal to federal court is federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. In accordance with 28 U.S.C. § 1446(d), Defendant is promptly filing a copy of this Notice of Removal with the Clerk of the District Court for Tulsa County, Oklahoma.

5. In accordance with 28 U.S.C. § 1446(d), Defendant is also giving written notice to Plaintiff by promptly serving this Notice of Removal upon Plaintiff's counsel.

6. As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to the United States District Court for the Northern District of Oklahoma, which is the District Court embracing the place where the State Court Lawsuit has been filed.

## FEDERAL QUESTION JURISDICTION

7. Plaintiff's Petition makes claims under under Title VII of the Civil Rights Act of 1964. See Plaintiffs' Petition, Exhibit "1."

8. Accordingly, Plaintiff has invoked this Court's original jurisdiction on "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. §§ 1331 and 1441.

9. Venue lies in this Court because Plaintiff's action is pending in this district and division. See 28 U.S.C. § 1441(a).

WHEREFORE, Defendant BOCC respectfully requests that the above-captioned action now pending in the District Court of Tulsa County, Oklahoma, be removed to the District Court for the Northern District of Oklahoma, and that said District Court assume jurisdiction of this

2

action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated this 13th day of October, 2015.

Respectfully submitted,

*Kim M Hall*
Kim M. Hall
OK Bar Number 16100
Assistant District Attorney
Tulsa County District Attorney's Office
500 S. Denver Ave., Suite 827
Tulsa, OK 74103
khall@tulsacounty.org
(918) 596-4845
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF MAILING

I hereby certify that on 13th day of October, 2015, I caused a true and correct copy of this document to be placed in the United States mail, first class postage fully pre-paid, addressed to:

Jean Walpole Coulter
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, OK  74103

*Kim M Hall*
Kim M. Hall

3

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

MARIA BALE,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, TULSA COUNTY, STATE OF OKLAHOMA,

    Defendant.

Case No. **CJ-2015-03500**

DISTRICT COURT
**FILED**
SEP 22 2015
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

DAMAN CANTRELL

## PETITION

Comes now the Plaintiff, Maria Bale, and she does bring this action against the Defendant, Board of County Commissioners, Tulsa County, State of Oklahoma, for claims of discriminatino on the basis of national origin (Hispanic) and religion (Catholic) and retaliation in violation of Title VII of the Civil Rights Act, as amended, In support of these claims, Plaintiff would state the following:

### PARTIES

1. Maria Bale, a Catholic female of Hispanic origin, is the Plaintiff herein. She resides in Broken Arrow, Wagoner County, State of Oklahoma.

2. Board of County Commissioners, Tulsa County, State of Oklahoma, the Defendant, is a political subdivision of the State of Oklahoma.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this court pursuant to the Civil Rights Act of 1964, as amended.

4. All actions alleged herein occurred within TULSA County, Oklahoma.

5. Venue is proper in this court pursuant to 12 O.S. §131.

Exhibit 1

6. Plaintiff received her Right to Sue letter from the U.S. Equal Employment Opportunity Commission on or about June 25, 2015.

## FACTS

7. Maria Bale ("Bale") was employed by the Tulsa County Juvenile Bureau. The Tulsa County Juvenile Bureau is an entity created by Chapter 4 of the Oklahoma Juvenile Code. Pursuant to an 2008 Attorney General's Opinion, juvenile bureaus are part of county government, and juvenile bureaus and their employees are considered to be employees of the county. 2008 OK AG 30.

8. Bale began her employment with the Tulsa County Juvenile Bureau in April, 2013. She was a Secretary II in the Secretarial Pool which provides support services for the Intake and Probation Departments.

9. Bale was hired by Kathy Anson ("Anson") and Sherry Beree ("Beree"). Anson was a Lead Secretary and Beree was a Unity Coordinator. Bale reported to Anson.

10. On or about March 1, 2014, Bale told Anson she was going to be a little late to work the following day, March 2, 2014 (also Ash Wednesday), because she wanted to attend church early that morning. Anson told Bail she could not be late because it would interfere with her job. Anson continued by saying, "What's with the ashes? Bale responded that the ashes were symbolic and that from ashes you are to ash you return.

11. Later Bale went and reported this incident to Beree. Beree told Bale to go ahead and attend her church service but to lie to Anson about why she was late to work.

12. After Bale's conversation with Beree, Beree shared her conversation with Bale with Anson. After this incident, Anson's harassment of Bale became more frequent.

13. On August 14, 2014, Bale was called into a meeting with Anson and Beree. They were both yelling at her and Beree was accusing Bale of "stepping on Anson's toes." Bale was so upset she requested Personal Time off that morning at 11:00 a.m. for the remainder of the day to go home.

14. On August 15, 2014, according to a written Unacceptable Performance Notice given to Bale on August 18, 2014, Bale was verbally warned by Anson after Bale shared a personal conversation with a coworker which Anson over heard. Anson allegedly claimed Bale was spreading discontent in the workplace.

15. On August 18, 2014, Anson and Beree gave Bale an Unacceptable Performance Notice which stated the following:

    a. Bale openly laughed at disrespectful and rude comments made to Anson by another co-worker;

    b. On August 14, 2014, Bale was accused of not allowing Anson to speak in a meeting with Beree by pointing her finger at Anson twice and stating, "I'm not talking to you Kathy." Anson flailed her arms and yelled at Bale.

    c. On August 15, 2014, Anson overheard Bale telling Jackie Busch, a co-worker, that she had just talked to Betty Rice, also a co-worker, and was told he may as well give up because nothing would ever change. Anson allegedly told Bale that she doesn't need to spread discontent to other staff and that it's not helpful. Anson then claimed Bale started yelling at her.

16. On September 24, 2014, Bale was asked by Anson to call the receptionist for the Tulsa County Juvenile Bureau, Shelly Bell ("Bell"), and tell her Bale was indeed at work that day,

which Bale did. During this phone call, Bell said something which made Bale giggle. Anson was standing behind Bale's desk at the time and when she heard Bale giggle she came to the front of Bale's desk and asked Bale what she was giggling about. Bale told her it was not about her and Anson stomped off saying, "OH, I see... OH, I see."

17. Anson then went to Beree's office and returned and told Bale she was not to ever use County phones, emails or computers to ridicule her ever again. Bale tried to explain to Anson that she had not ridiculed her but Anson would not listen to Bale.

18. Beree then came out and she would not listen to Bale or a coworker who tried to speak up for Bale.

19. Bale was sent home that day as a disciplinary measure. The coworker, Rebecca von Tonder, who tried to stand up for Bale was disciplined the following day for speaking up for Bale.

20. Later that day, Bale's attorney, Jean Walpole Coulter ("Coulter"), sent a letter to Terry Tallent, Tulsa County Human Resources Director, complaining on Bale's behalf about Anson and Beree sending her home and disciplining her for acts which were factually unsubstantiated. Coulter also asked to file a grievance on Bale's behalf, pursuant to the Tulsa County Employee Handbook. She received no response to this letter.

21. On September 29, 2014, Coulter sent a letter to Brent Wolfe, Tulsa County Juvenile Bureau Director, on behalf of Bale, seeking to file a grievance against Anson and Beree on behalf of Bale. No response to this letter was ever received.

22. On October 7, 2014, Anson and Beree terminated Bale's employment. According to the Separation Report, "Maria [Bale] is being separated from employment due to continued insubordination. After several attempts for resolution, Maria [Bale] continues to be

unwilling to discuss reconciliation which is necessary for continued employment. The detrimental effect on the work environment needs to cease."

## FIRST CAUSE OF ACTION
## RELIGIOUS DISCRIMINATION

Bale realleges and incorporates herein the allegations contained in paragraphs 1 through 22 herein.

23. Bale is a practicing Catholic.

24. Bale asked Anson if she could be late on March 1, 2014, so she could attend Ash Wednesday services on March 2, 2014.

25. Anson denied Bale's request to attend Ash Wednesday services.

26. Bale reported this to Beree who allowed Bale to attend the Ash Wednesday services, but told Bale to lie to Anson about it and then reported the conversation to Anson.

27. Other employees at the Tulsa County Juvenile Bureau were routinely allowed to observe their religious beliefs and practices without interference.

28. As a result of this request for accommodation to practice her religious beliefs, Bale was discriminated against by Anson and then treated in a hostile manner by Anson after Beree granted Bale permission to attend these Ash Wednesday services.

29. Ultimately the hostile behavior by Anson resulted in the termination of Bale's employment.

30. As a result of this religious discrimination, Bale has lost income and benefits, incurred legal fees and expenses, and suffered humiliation and degradation.

## SECOND CAUSE OF ACTION
## NATIONAL ORIGIN DISCRIMINATION

Bale realleges and incorporates herein the allegations contained in paragraphs 1 through 30

herein.

31. Bale is a Hispanic female.

32. Bale is the only Hispanic female in the Secretarial Pool. Anson and Beree are not Hispanic.

33. Bale was treated differently than other employees because, in part, of her Hispanic background.

34. Anson repeatedly singled Bale out for discipline and harassment because of her Hispanic background.

35. Ultimately Anson contrived a reason to terminated Bale.

36. As a result of this discrimination on the basis of her national origin, Bale has lost income and benefits, incurred legal fees and expenses, and suffered humiliation and degradation.

### THIRD CAUSE OF ACTION
### RETALIATION

Bale realleges and incorporates herein the allegations contained in paragraphs 1 through 36 herein.

37. Bale reported the discriminatory acts of Anson to Beree when Anson denied Bale permission to be late to work on March 2, 2014 to observe Ash Wednesday services.

38. Bale's attorney, on her behalf, complained to Terry Tallent on September 24, 2014, after Anson and Beree sent Bale home as a disciplinary matter and after Anson falsely accused Bale of making fun of her on a phone call with Bell, which Anson had instructed Bale to make.

39. Bale's attorney, on her behalf, complained to Brent Wolfe on September 29, 2014, about the ongoing harassment and retaliatory behavior from Anson and Beree, without any response.

40. Bale was ultimately terminated by Anson and Beree.

41. As a result of Bale's termination of employment, she was retaliated discriminated against for making complaints about the religious discrimination and ongoing harassment by Anson and Beree.

42. As a result of this retaliation, Bale has lost income and benefits, incurred legal fees and expenses, and suffered humiliation and degradation.

WHEREFORE, Bale prays for damages in excess of $10,000 and such other equitable relief as this Court may deem appropriate.

Respectfully submitted,

*Jean Walpole Coulter*
Jean Walpole Coulter, OBA #9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX
Jeancoult@aol.com

Civ. Lit 15-5
Ax 76

# SUMMONS

## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

**CJ-2015-03500**
Case No. _____

_____
_____ Plaintiff(s)

vs.

_____
_____ Defendant(s)

Attorney(s) for Plaintiff(s)
Name _____
Address _____
_____
Telephone _____

RECEIVED
SEP 2 5 2015
District Attorney
Dist #14

STATE OF OKLAHOMA
TULSA COUNTY
RECEIVED
2015 SEP 24 AM 10: 06
PAT KEY
TULSA COUNTY CLERK

Appointed to serve. PSL # _____

Authorized by _____

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this 22 day of Sept, 20 15.

Sally Howe Smith, Court Clerk

By _____, Deputy Court Clerk

(Seal)

This summons and order was served on _____.
(date of service)

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

Exhibit 2

Form 2290 (Rev. 11-00) Page 2 of 5 CFB

# SUMMONS

## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

_____

_____ Plaintiff(s)

vs.

_____

_____ Defendant(s)

**CJ-2015-03500**

Attorney(s) for Plaintiff(s)
Name _____
Address _____

Telephone _____

_____
Appointed to serve. PSL #_____

_____
Authorized by

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this ____ day of _____, 20____.

Sally Howe Smith, Court Clerk

By _____, Deputy Court Clerk

(Seal)

This summons and order was served on _____.
                                              (date of service)

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

Form 2290 (Rev. 11-00) Page 3 of 5 CFB

# RETURN/AFFIDAVIT OF SERVICE
## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

**CJ-2015-03500**

Case No. _____

_____
_____  Plaintiff(s)
vs.
_____
_____  Defendant(s)

Attorney(s) for Plaintiff(s)
Name _____
Address _____
_____
Telephone _____

## PERSONAL SERVICE

I certify that I received the foregoing summons the _____ day of _____, 20_____, and that I delivered a copy of said summons with a copy of the petition and order attached to each of the following named defendants personally in _____ County at the address and on the date set forth opposite each name, to wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |
| | | |
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing summons on the _____ day of _____, 20_____, and that on _____, I served _____ by leaving a copy of said summons with a copy of the petition and order attached at _____, which is his dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## CORPORATION RETURN

Received this summons this _____ day of _____, 20_____, and as commanded therein, I summoned the within named defendant, as follows, to wit:

_____
a corporation, on the _____ day of _____, 20_____, by delivering a true and correct copy of the within summons hereof with endorsements thereon and a copy of the petition to _____ he being the _____ of said corporation, and the _____ President, Vice-President, Secretary, Treasurer, or other chief officer not being found in said County.

## NOT FOUND

Received this summons this _____ day of _____, 20_____, I certify that the following persons of the defendant(s) within named not found in said County:

_____
_____

## FEES

Fee for service $_____, Mileage $_____, Total $_____

Dated this _____ day of _____, 20_____.

By: _____
Sheriff
Deputy - Tulsa County, Oklahoma

By: _____
Process Server - Tulsa County, Oklahoma

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

_____
Process Server

Subscribed to and sworn to before me this _____ day of _____, 20_____.

Sally Howe Smith, Court Clerk

My Commission Expires: _____

_____
Deputy Court Clerk or Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the petition and order attached to the following named defendants at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 20_____, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| | | |
| | | |

_____
Signature of person mailing summons

**Return BOTH copies.**